1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7    WILLIAM H. MORGAN,

                                              NO:  2:16-CV-286-RMP
8                        Plaintiff,

          v.                          ORDER DISMISSING SECOND
9                                     AMENDED COMPLAINT

10   SENTRY INSURANCE COMPANY
     LLC, et al.,

11                       Defendant.

12

13        BEFORE THE COURT is Plaintiff's Second Amended Complaint, ECF No.

14   20.  The Court ordered that Plaintiff's Complaint be filed without payment of the

15   filing fee due to Plaintiff's meeting the requirements to proceed *in forma pauperis*.

16   ECF No. 6.  The Court previously determined that Plaintiff's initial Complaint, ECF

17   No. 1; Construed Amended Complaint, ECF No. 8; and his First Amended

18   Complaint, ECF No. 13, all failed to state a plausible legal claim, but due to

19   Plaintiff's status as a pro se litigant, the Court granted leave to file another Amended

20   Complaint.  *See* ECF Nos. 12 and 19.

21

ORDER DISMISSING SECOND AMENDED COMPLAINT ~ 1

On January 19, 2017, the Court stated in unambiguous terms that, "Plaintiff may file a Second Amended Complaint within thirty (30) days of the date of this Order. Should Plaintiff fail to do so, the Court will dismiss this case **WITH PREJUDICE**." ECF No. 19 at 10. Plaintiff did not file anything within that timeframe and only filed a Second Amended Complaint on March 7, 2017. Based on the untimely filing of Plaintiff's Second Amended Complaint, this case could be dismissed. However, the Court has reviewed Plaintiff's Second Amended Complaint as if Plaintiff had met the Court's deadline.

The Court liberally construed Plaintiff's First Amended Complaint and detailed in its Order the ways in which the First Amended Complaint was legally insufficient. Despite having been given those guidelines, Plaintiff has refiled the same deficient claims,[1] but with a two-page introduction that alleges wrongdoing by various "Officers in the Court." ECF No. 20 at 2-3.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if "the action or appeal: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court previously dismissed Plaintiff's First Amended Complaint pursuant to subsection (ii) of 28 U.S.C. § 1915(e)(2) for failing

---

[1] One page of the First Amended Complaint appears to have been accidentally omitted from the Second Amended Complaint.

ORDER DISMISSING SECOND AMENDED COMPLAINT ~ 2

to state a claim. *See* ECF No. 19. The Court's previous analysis remains unchanged regarding the claims that Plaintiff simply refiled in his Second Amended Complaint.

The Court finds that Plaintiff's Second Amended Complaint, even with his minor additions, fails to address the deficiencies previously identified by the Court and fails to state a viable legal claim. Furthermore, Plaintiff still fails to establish either diversity jurisdiction or federal question jurisdiction in this Court. Plaintiff states that this is his "Last Attempt." ECF No. 20 at 24. If Plaintiff seeks to amend his complaint to identify viable legal claims and subject matter jurisdiction in this Court, he should file his Third Amended Complaint within thirty days of the date of this Order, or his case will be closed.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Second Amended Complaint, **ECF No. 20**, is **DISMISSED with leave to amend**.

The District Court Clerk is directed to enter this Order, to set a 30 day case management deadline, and to provide copies of this Order to counsel and pro se Plaintiff.

**DATED** May 19, 2017.


               *s/ Rosanna Malouf Peterson*
              ROSANNA MALOUF PETERSON
                United States District Judge