FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 12, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM H. MORGAN,<br><br>                         Plaintiff,<br><br>   v.<br><br>SENTRY INSURANCE COMPANY, LLC, et al.,<br><br>                         Defendant. | NO: 2:16-CV-286-RMP<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is a Motion for Summary Judgment, ECF No. 32, filed by Defendant Sentry Insurance a Mutual Company (identified as "Sentry Insurance Company, LLC") and Defendant Middlesex Insurance Company (identified as "Middlesex Insurance Company, LLC") (collectively, "Defendants"). The Court has reviewed the pleadings and the record, and is fully informed.

## BACKGROUND

Plaintiff William Morgan brought suit against Defendants, based on claims involving insurance coverage after an automobile accident that allegedly resulted in physical injuries to Mr. Morgan and damage to Mr. Morgan's vehicle. ECF No. 1 at 2; *see also* ECF No. 23-2 at 2; ECF No. 23-2 at 6; ECF No. 23-2 at 10-15. The Court dismissed his Complaint, his First Amended Complaint, and his Second Amended Complaint. ECF Nos. 12, 19, 22. In his Third Amended Complaint, Mr.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

Morgan appears to bring claims of breach of contract, negligence, and collusion, as well as a number of statutory claims. *See* ECF No. 23.

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 based on the diversity of the parties and the amount in controversy. Plaintiff Morgan alleges that he is a resident of the state of Oregon. ECF 23 at 3; ECF No. 32 at 3. Defendants are incorporated in Wisconsin with their principal places of business in Wisconsin. ECF No. 32 at 3. The amount in controversy is $10 million, which exceeds the statutory requirement of $75,000. ECF No. 23 at 2.

"[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003). The substantive law at issue here is insurance law. The insurance policy was issued in the state of Washington while Mr. Morgan was a Washington resident, and the accident giving rise to Mr. Morgan's claims against Defendants also occurred in Washington. ECF No. 33 at 3-6, 11. Defendants argue that Washington law should apply to this matter, ECF No. 32 at 4, which Mr. Morgan does not dispute. ECF No. 23 at 5. Therefore, the Court will apply the law of Washington to the substantive issues in this case.

## DISCUSSION

*Legal Standard for Summary Judgment*

A court may grant summary judgment where "there is no genuine dispute as to any material fact" of a party's prima facie case, and the moving party is entitled to

judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-33 (1986); *see also* Fed. R. Civ. P. 56(c). A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). "A key purpose of summary judgment 'is to isolate and dispose of factually unsupported claims.'" *Id.* (citing *Celotex*, 477 U.S at 324).

The moving party bears the burden of showing the absence of a genuine issue of material fact, or in the alternative, the moving party may discharge this burden by showing that there is an absence of evidence. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *See id.* at 324. The nonmoving party "may not rest on mere allegations, but must by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file designate specific facts showing that there is a genuine issue for trial." *Id.* The Court will not infer evidence that does not exist in the record. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990) (court will not presume missing facts). However, the Court will "view the evidence in the light most favorable" to the nonmoving party. *Newmaker v. City of Fortuna*, 842 F.3d 1108, 1111 (9th Cir. 2016). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3

***Claims Against Defendant Sentry Insurance***

Mr. Morgan asserts claims against the named defendant, Sentry Insurance. *See* ECF No. 23. Defendants correctly argue that to prevail in a claim for coverage Mr. Morgan has the burden of showing who is insured, the type of risk insured against, and the existence of an insurance contract. ECF No. 32 at 4 (citing *Olivine Corp. v. United Capitol Ins. Co.*, 52 P.3d 494, 502 (2002). Defendants assert that Sentry Insurance never issued any insurance policy to Mr. Morgan. *Id.* Mr. Morgan fails to refute that deficiency by providing evidence that Sentry Insurance issued an insurance policy to him.

The Court finds that Mr. Morgan has failed to create a genuine issue of material fact, and failed to support the essential elements of insurance contract claims, against Sentry Insurance. Therefore, the Court finds that summary judgment is proper and dismisses with prejudice Mr. Morgan's claims against Sentry Insurance.

***Claims Against Defendant Middlesex Insurance***

Mr. Morgan also named Middlesex Insurance as a defendant in this matter. *See* ECF No. 23. Defendants do not dispute that Mr. Morgan has provided evidence that he had a valid insurance policy issued by Middlesex Insurance at the time of his car accident. ECF No. 32 at 5. However, Defendants argue that Mr. Morgan's policy with Middlesex Insurance only provided coverage for his liability to others and that Mr. Morgan rejected, in writing, coverage that would have protected him

from underinsured drivers or that would have provided no-fault personal injury protection, the relevant coverage issues in this case. *Id.*

The state of Washington requires insurers to offer underinsured motorist ("UIM") coverage and personal injury protection ("PIP") coverage. RCW 48.22.030; RCW 48.22.085. However, an insured may reject UIM coverage in writing. RCW 48.22.030(4); *Clements v. Travelers Indem. Co.*, 850 P.2d 1298, 1304-05 (Wash. 1993). A written rejection of UIM coverage satisfies the requirements of RCW 48.22.030 if it "reflects the insured's intent to reject UIM coverage." *Weir v. Am. Motorists Ins. Co.*, 816 P.2d 1278, 1279 (Wash. Ct. App. 1991). An insured also may reject PIP coverage in writing. RCW 48.22.085(2). In a similar case, this Court held that an "Acceptance or Rejection" form identical to the form completed by Mr. Morgan complied with Washington law as a written rejection of UIM coverage. *See* Anson *v. Middlesex Ins. Co.*, 2016 WL 7975554 (E.D. Wash. Aug. 8, 2016).

Defendants argue that Mr. Morgan rejected in writing both UIM and PIP coverage for the relevant time period. ECF No. 32 at 5-7. Both parties have submitted evidence that Mr. Morgan rejected the UIM and PIP coverage. Defendants submitted an "Acceptance or Rejection" form indicating the rejection of UIM and PIP coverage, signed by Mr. Morgan, referencing the Middlesex insurance policy number, and dated the same date as Mr. Morgan purchased his Middlesex insurance policy. ECF No. 34-1 Ex. 2, at 5. Both parties submitted the Policy

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 5

Declarations document indicating that UIM and basic PIP coverage had been rejected. ECF No. 34-1 Ex. 3, at 7; ECF No. 23-1 Ex. A, at 2. Defendants also submitted a letter explaining the coverage provided by Mr. Morgan's policy and included a copy of Mr. Morgan's Middlesex Insurance policy application, signed by Mr. Morgan, stating that Mr. Morgan rejected UIM and PIP coverage. ECF No. 34-1 Ex. 1, at 2-3; ECF No. 34-1 Ex. 6, at 31-35.

However, now Mr. Morgan apparently seeks to recover under his Middlesex Insurance policy for the injuries and damage caused by another motorist based on the provisions of UIM and PIP coverage that he previously rejected in writing. *Id.* Defendants argue that because Mr. Morgan rejected both UIM and PIP coverage when he purchased the Middlesex Insurance policy, Mr. Morgan is not eligible to recover for injuries or damages covered under UIM and PIP provisions as an accident victim. *Id.* Mr. Morgan does not offer any evidence to rebut Defendants' arguments.

Taking all the evidence in the light most favorable to Mr. Morgan, the nonmoving party, the Court finds that Mr. Morgan has failed to submit any evidence to create a genuine issue of material fact and has failed to support an essential element of his insurance contract claims, specifically that he had applied for and received UIM and PIP coverage when it was offered. Therefore, the Court finds that summary judgment is properly granted regarding all of Mr. Morgan's insurance

contract claims against Middlesex Insurance. Those claims are dismissed with prejudice.

### *Other Claims*

Mr. Morgan's Third Amended Complaint identifies a number of federal statutes, including the Americans with Disabilities Act, the Federal Tort Claims Act, and the Lanham Act. *See* ECF No. 23 at 5, 7. Defendants argue that these laws do not apply to Mr. Morgan's motor vehicle accident or insurance contract claims, and that these additional claims should be dismissed with prejudice. ECF No. 32 at 7-8.

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court has reviewed Mr. Morgan's Third Amended Complaint. Although the Court construes *pro se* pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court is unable to ascertain the basis for the alleged federal claims.

In weighing whether to grant leave to amend, the Court considers five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). In the Ninth Circuit, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 7

In this case, the factual allegations that Mr. Morgan has placed before the Court in his three prior complaints fail to establish any basis on which any of the alleged federal claims, such as the Lanham Act, could be based. Therefore, the Court finds that a fourth amendment would be futile. The Court further finds that Mr. Morgan's federal claims fail to state claims upon which relief can be granted, and dismisses the federal claims with prejudice.

Accordingly, it is **HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment, **ECF No. 32**, is **GRANTED**, and Judgment shall be entered for Defendants.
2. Plaintiffs' claims against Defendant Sentry Insurance a Mutual Company (identified as "Sentry Insurance Company, LLC") and Defendant Middlesex Insurance Company (identified as "Middlesex Insurance Company, LLC") are **DISMISSED with prejudice**.
3. Plaintiff's additional claims are **DISMISSED with prejudice**.

The District Court Clerk is directed to enter this Order, enter Judgment accordingly, provide copies to the parties, and **close this case**.

**DATED** January 12, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge